IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOEY DAWSON,

    Petitioner,

v.                                          CASE NO. 4:14-cv-396-MW-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a document entitled "Motion Requesting Extension of Time," requesting an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The Court denied the motion, explaining that there is no authority to grant Petitioner an extension of the 28 U.S.C § 2244(d)(1) one-year federal habeas limitations period.  However, the Court directed the Clerk to provide Petitioner with the necessary forms in order to file a petition, and directed Petitioner to file his petition on or before September 2, 2014.  (Doc. 3.)

On September 4, 2014, after not receiving anything from Petitioner, the Court ordered Petitioner to show cause on or before September 24, 2014, as to why he had failed to file a petition and either pay the filing fee or file a motion for leave to proceed as a pauper.  (Doc. 4.)  As of today's date, Petitioner has failed to respond.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]"  *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a

district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, Petitioner's failure to provide the Court with a petition and either pay the filing fee or file a motion for leave to proceed as a pauper amounts not only to a failure to prosecute and failure to comply with an Order of the Court, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice.

**IN CHAMBERS,** at Gainesville, Florida,  this 6th day of October 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No: 4:14-cv-396-RH-GRJ